IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 25- |
| v. | : | DATE FILED: |
| FRANCIS MATOS | : | VIOLATION: 18 U.S.C. § 371 (conspiracy to introduce misbranded drugs into interstate commerce – 1 count) |
| | : | |
| | : | Notice of forfeiture |

**INFORMATION**

**COUNT ONE**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this information:

1. The United States Food and Drug Administration ("FDA") was the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"). Among the purposes of the FDCA was to assure that human drugs were safe, effective, and bore labeling containing only true and accurate information. The FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of all drugs shipped or received in interstate commerce.

2. Under the FDCA, drugs were defined as articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man . . ." (21 U.S.C. § 321(g)(1)(B)); "articles (other than food) intended to affect the structure or any function of the

body of man . . ." (21 U.S.C. § 321(g)(1)(C)); or articles intended for use as components of other drugs (21 U.S.C. § 321(g)(1)(D)).

3. Certain drugs were prescription drugs under the FDCA, including: (a) those drugs which, because of their toxicity or other potentiality for harmful effect, or the method of their use, or the collateral measures necessary to their use, were not safe for use except under the supervision of a practitioner licensed by law to administer such drug; and (b) those drugs limited by an FDA-approved application to use under the professional supervision of a licensed medical practitioner (21 U.S.C. § 353(b)(1)(A), (B)).

4. Under the FDCA, it was a prohibited act to introduce or deliver for introduction, or to cause the introduction or delivery for introduction, into interstate commerce a drug that was misbranded (21 U.S.C. § 331(a)). Interstate commerce was defined in the FDCA as "commerce between any State or Territory and any place outside thereof" (21 U.S.C. § 321(b)(1)).

5. A drug was misbranded if, among other things, (a) its labeling failed to bear adequate directions for its use (21 U.S.C. § 352(f)(1)); (b) its labeling was false or misleading in any particular (21 U.S.C. § 352(a)); or (c) its labeling was in a foreign language (21 U.S.C. § 352(c); 21 CFR § 201.15 (c)).

6. By regulation, the FDA defined "adequate directions for use" to mean "directions under which the layman can use a drug safely and for the purposes for which it is intended" (21 C.F.R. § 201.5). Prescription drugs, by definition, could never contain adequate directions for lay use and were therefore misbranded unless they qualified for an exemption. By regulation, a prescription drug was exempt from Section 352(f)(1) if it met all enumerated conditions, including: (1) the drug was in the possession of a person regularly and lawfully

engaged in the manufacture, transportation, storage, or wholesale distribution of prescription drugs; in the possession of a retail, hospital, or clinic pharmacy, or a public health agency, regularly and lawfully engaged in dispensing prescription drugs; or in the possession of a practitioner licensed by law to administer or prescribe such drugs; and (2) the drug was to be dispensed in accordance with 21 U.S.C. § 353(b), *i.e.*, upon the order of a practitioner licensed by law to administer such drug (21 C.F.R. § 201.100 (a)(1), (2)). The label of the drug also must bear the statement "Rx only" and an identifying lot or control number from which it was possible to determine the complete manufacturing history of the drug (21 C.F.R. § 201.100 (b)(1), (6)). Drugs subject to the New Drug statute in the FDCA must bear labeling authorized by the approved new drug application (21 C.F.R. § 201.100(c)(2)).

7. Defendant FRANCIS MATOS was a resident of Allentown, Pennsylvania. Defendant MATOS operated a business, "Suplidora America," that, among other things, obtained and distributed pharmaceutical drugs even though neither defendant MATOS nor Suplidora America were licensed to do so.

8. Defendant FRANCIS MATOS used and caused to be used several delivery vehicles to carry out his business, including to store and deliver misbranded drugs. Two of the delivery vehicles were a white Chevrolet box truck and a white Ford truck, both registered to defendant MATOS.

9. From in or about May 2022 through on or about March 21, 2024, in the Eastern District of Pennsylvania and elsewhere, defendant

**FRANCIS MATOS**

conspired and agreed, with others known and unknown to the United States Attorney, to commit offenses against the United States, with the intent to defraud and mislead, by introducing into

interstate commerce misbranded drugs, that were misbranded in that (i) the drugs' labeling failed to bear adequate directions for use, as required by Title 21, United States Code, Section 352(f); (ii) the drugs' labeling was in a foreign language (Spanish), in violation of Title 21, United States Code, Section 352(c); and (iii) the drugs were dispensed without the prescription of a practitioner licensed by law to administer such drugs, in violation of Title 21, United States Code, Sections 353(b), 331(a), and 333(a)(2).

## MANNER AND MEANS

It was part of the conspiracy that:

10. Beginning in or about May 2022, defendant FRANCIS MATOS arranged to have others purchase pharmaceutical drugs in the Dominican Republic and mail them to him and others in Allentown, Pennsylvania and elsewhere.

11. On various occasions between in or about May 2022 and in or about January 2023, law enforcement seized parcels containing pharmaceutical drugs sent from the Dominican Republic to defendant FRANCIS MATOS and his associates. Some of these parcels contained tablets containing sildenafil, a drug used to treat erectile dysfunction, that required a prescription from a licensed provider. At times, defendant MATOS received notification from law enforcement that parcels sent to him containing pharmaceutical drugs had been seized by law enforcement.

12. At other times, defendant FRANCIS MATOS purchased and obtained pharmaceutical drugs in the United States at locations outside the Commonwealth of Pennsylvania and transported them or had them delivered to his residence in Allentown, Pennsylvania.

13. Defendant FRANCIS MATOS typically possessed the pharmaceutical drugs at his residence in Allentown, Pennsylvania or in his delivery vehicles. Defendant MATOS and others, known and unknown to the United States Attorney, then delivered and sold the pharmaceutical drugs to customers, typically small convenience stores located within the Eastern District of Pennsylvania and elsewhere.

14. Neither Defendant FRANCIS MATOS nor his business, "Suplidora America," ever had a license to obtain, hold, or dispense pharmaceutical drugs.

15. Defendant FRANCIS MATOS did not require his customers to provide a prescription to obtain pharmaceutical drugs from him or his business even though many of the pharmaceutical drugs dispensed by defendant MATOS and his associates required such a prescription.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendant FRANCIS MATOS and others, known and unknown to the United States Attorney, committed the following Overt Acts in the Eastern District of Pennsylvania and elsewhere:

1. In or about May 2022, defendant FRANCIS MATOS caused parcels containing tablets with the drug sildenafil to be shipped from the Dominican Republic. The parcels were addressed to recipients in Allentown Pennsylvania. Law enforcement seized several of these parcels.

2. In or about August 2022, defendant FRANCIS MATOS caused parcels containing tablets with the drug sildenafil to be shipped from the Dominican Republic. The parcels were addressed to recipients in Allentown Pennsylvania. Law enforcement seized several of these parcels.

3. In or about September 2022, defendant FRANCIS MATOS caused parcels containing tablets with the drug sildenafil to be shipped from the Dominican Republic. The parcels were addressed to recipients in Allentown Pennsylvania. Law enforcement seized several of these parcels.

4. On or about January 4, 2023, defendant FRANCIS MATOS delivered and sold misbranded pharmaceutical drugs to a small convenience store in the area of 6th and Turner Streets in Allentown, Pennsylvania.

5. On or about March 6, 2024, defendant FRANCIS MATOS arranged to have a co-conspirator deliver and sell 120 tablets containing sildenafil to a small convenience store in the area of 6th and Turner Streets in Allentown, Pennsylvania.

6. On or about March 21, 2024, defendant FRANCIS MATOS possessed hundreds of misbranded pharmaceutical drugs, including tablets containing sildenafil, at his residence in Allentown, Pennsylvania, as well as in several delivery vehicles registered to defendant MATOS and in a vehicle registered to a coconspirator that were parked at or nearby the residence of defendant MATOS in Allentown, Pennsylvania.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 371, charging conspiracy to violate Title 21, United States Code, Sections 331(a) and 333(a)(2), set forth in this information, defendant

**FRANCIS MATOS**

shall forfeit to the United States of America, any quantities of drugs which, from in or about May 2022 through on or about March 21, 2024, were misbranded when introduced into interstate commerce and may not, under the provisions of Title 21, United States Code, Section 331, be introduced into interstate commerce.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Sections 334 and 853, and Title 28, United States Code, Section 2461(c).

*Christine E. Ayers for*
**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No. 25-*

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania
Criminal Division

THE UNITED STATES OF AMERICA

vs.

FRANCIS MATOS

INFORMATION
Count

18 U.S.C. § 371 (conspiracy to introduce misbranded drugs into interstate commerce – 1 count)

Notice of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____ day,
of _____ A.D. 20_____

_____
Foreperson

Bail, $_____